LYNCH *against* THE MECHANICS' BANK.

BRONSON *against* THE SAME.

BACON *against* THE MANHATTAN COMPANY.

BACON *against* THE CITY BANK.

THE above, and several other suits, were brought on notes issued by the banks, and which they had refused to pay in *gold* or *silver*, which had been demanded of them, the banks, generally, having suspended their payments *in specie*.

The suits were commenced by original writs, the *precipes* for which were filed in the office of the clerk of this court, the 22d of *July* last, and the writs were sealed on that day, tested the 13th of *May*, being the last day of the preceding term, and made returnable the second *Tuesday* of *August*, the second common return day of the *August* term. One of the writs was as follows : " The people of the state of *New-York*, by the grace of God free and independent, to the sheriff of the city and county of *New-York*, greeting : If *Nathaniel Bacon* shall make you secure to prosecute his suit, then put by sureties and safe pledges, the president and directors of the *Manhattan Company*, that they be before our justices of our supreme court of judicature, on the third *Tuesday* of *August* next, at the capitol, in the city of *Albany*, to answer unto the said *Nathaniel Bacon* : For that, whereas the said president and directors of the *Manhattan Company*, on the 31st day of *October*, in the year of our Lord 1812, at the city and county of *New-York*, and at the first ward of the said city, made their certain promissory note, commonly called a bank note, bearing date the day and year aforesaid, by which said note, the said president and directors of the *Manhattan Company* promised to pay to a certain *J. Madison*, or bearer, on demand, one thousand dollars, to wit, lawful money of the *United States* of *America*, and then and there issued the said note; and, afterwards, to wit, on the 12th day of *May*, in the year of our Lord 1815, at the city, county, and ward aforesaid, the said note lawfully came to the

*The original writ, in assumpsit, against a corporation, must be in the nature of a summons, and not by pone or attachment. And where the original is by pone, or attachment, it cannot be amended, being conformable to the precipe, but may be quashed on motion.*

*Original writs, issuing out of this court, pursuant to the statute of the 17th of February, 1815, (sess 38. ch. 38 ) must be tested like all other process issuing out of the court, that is, in some day in term.*

hands and possession of the said *Nathaniel Bacon*, who thereby became, and was, and from thenceforth hitherto hath been, and still is, the lawful holder, owner, and bearer thereof, and entitled to the payment of the sum of money therein specified, to wit, at, &c., by reason of which premises, and by force of the statute, in such case made and provided, the said president and directors of the *Manhattan Company*, in consideration thereof, afterwards, to wit, on the same day and year last aforesaid, at, &c., undertook, and faithfully promised the said *Nathaniel Bacon*, well and truly to pay to him, the said *Nathaniel Bacon*, the said sum of money mentioned in the said note, according to the tenor and effect thereof, when they, the said president and directors, &c., should be thereunto requested: And the said *Nathaniel Bacon* avers, that, afterwards, to wit, on the same day and year last aforesaid, the said note was shown and presented by the said *Nathaniel Bacon*, he, then and there, being the holder, owner, and bearer thereof as aforesaid, to the said president and directors, &c., to wit, at their banking house, in the city, county, and ward aforesaid, for the payment thereof, and they, then and there, had notice, that the said *Nathaniel Bacon* was, then and there, the holder, owner, and bearer of the aforesaid note: And the said *Nathaniel Bacon*, then and there, required them, the said president and directors, &c., to pay to him, the said *Nathaniel Bacon*, the said note, the said sum of money mentioned therein, according to the tenor and effect thereof: (And whereas, &c., setting out various other bank notes, in like form:) Nevertheless, the said president and directors, &c., in no wise regarding their several promises and assumptions aforesaid, in form aforesaid made, but contriving, and fraudulently intending, craftily and subtily, to deceive and defraud the said *Nathaniel Bacon*, in this behalf, did not, nor would, at the time the said several notes were shown and presented to them for payment thereof, as aforesaid, to wit, on the said 12th day of *May*, in the year 1815, or at any time afterwards, pay the said several sums of money, in the said several notes specified, or any or either of them, or any part thereof, to the said *Nathaniel Bacon*, but wholly refused and neglected so to do, and still do refuse to pay the same to him, to the damage of the said *Nathaniel Bacon* of nine thousand dollars, as he says: And have you then there the names of the pledges, and this writ. Witness, *Smith Thompson*, Esq., Chief Justice of the city of *New-York*, the thirteenth

day of *May*, in the year of our Lord 1815, and of our independence the 39th.

ALBANY,
January, 1816.

LYNCH
v.
MECHANICS'
BANK.

" *Towt*, Attorney." " *Fairlie.*"

On the writ were the following endorsements. " Pledges to prosecute, *John Doe* and *Richard Roe.*"

" I certify to the justices within named, that the president and directors of the *Manhattan Company*, within named, are attached by twelve pieces of *Spanish* silver coin, each of which is commonly called a quarter of a dollar, of the value of twenty-five cents each. *R. Hubbard*, Sheriff."

The defendants not having appeared according to the exigency of the original writs, writs of *distringas* were taken out, returnable at the last *October* term. On the *quarto die post* of the return of the writs of *distringas*, motions were made in behalf of the defendants, who had not appeared, to quash the original writs.

These motions were argued, at great length, by the counsel of the different parties, during the two last days of the term. The points insisted on by the counsel for the defendants, were, 1. That the writ ought to have been in the nature of a *summons*, and not a *pone* or attachment, which does not, they said, lie against a *corporation*.

2. That the writ being an *original*, ought to have been *tested* on the day on which it was sealed, and not by relation to the preceding term ; it being the rule of common law, that original writs must be tested on the day on which the *precipe* is filed.

3. That the writ, being conformable to the precipe, could not be amended, there being nothing to amend by.

4. That these defects in the writs may be taken advantage of on motion.

It is not thought necessary to give the arguments of the learned counsel at large. The following is a brief summary of them, with the principal authorities cited.

*Colden*, for the defendants. The original against a *corporation* should be by *summons*, and not by *attachment*. (1 *Kyd on Corp.* 271, 272. 1 *Tidd's K. B. Pr.* 108, 116. 2 *Impey's C. B. Pr.* 675. *n.* 6 *Mod.* 183. *Com. Dig. Plead.*) (2 B. 2.)

Is this writ a *summons* ? The sheriff has not treated it as such. He does not say, in his return, that he has summoned the de-

fendants, or even put them by pledges, &c.; but that he has *attached* them by certain pieces of money. The first *process*, or proceeding by original, is a *summons*, or warning to appear, according to the exigency of the writ, which, in personal actions, is by leaving a *copy* of the writ with the defendant, or at his usual place of abode. (1 *Tidd's K. B. Pr.* 103. 3 *Bl. Com.* 279. *Finch's Law*, 305. 352.) If the defendant does not appear on the summons, before, or on the *quarto die post*, a *distringas* issues. (1 *Tidd's Pr.* 111. 114. *Prec. in Chan.* 129. 131. 2 *Hen. Bl. Rep.* 267. 279. *Appendix to Tidd's Pr.*)

There is not any form of a writ against a *corporation* to be found in the *Register*; but it is said, merely, that it is the same as against a *peer*.

It may be said, that when the demand is *certain*, as in *debt*, *detinue*, *trover*, the writ is *precipe quod reddat*, &c., or an *optional* writ; but that, where the demand is *uncertain*, the writ is *si te fecerit securum*, &c., and an attachment thereon. This is, no doubt, the general rule, which has, however, some exceptions, one of which is the case of a *corporation*, in the suit against which, where the writ *si te fecerit securum*, &c., the command is not, *pone per vadios et salvos plegios*, &c., but to summon by good summoners, &c.

*Anciently*, by the common law, the only process to compel appearance in actions unaccompanied by force, or a breach of the peace, was by *summons* and distress infinite. The person of the defendant was never taken. In later times, as commerce increased, the *capias* was introduced. (*Sellon's Pr. Appendix*, (C.) 646. *Tidd's Pr.* 122. 3 *Co.* 12. 3 *Bl. Com.* 281.)

The course of proceeding, by *summons* and *distringas*, against a *corporation*, is founded in reason and common sense. A corporation is an artificial or political person, not a *physical* being. It cannot commit a breach of the peace. It cannot, therefore, be supposed to have committed a breach of the peace on which the process of *attachment* is founded. (5 *Com. Dig. Plead.* (2 B. 2.) 45. *Edw.* III. 3 *a. Bro. Corp.* 43. *Cas. Ch.* 205.)

Again, it is an established rule, in *England*, in regard to *original writs*, that you are strictly to adhere to *form*. The party cannot deviate from the *form* given in the *register*; and if no form is to be found there, he must apply to the clerks in chance-

by; and if they cannot give him the form, he must apply to parliament.  2 Inst. 407.  1 Inst. 54. b.

The present writs vary from the language of the established forms found in the books, which is, if A. B. shall make you secure, &c., then put by *gages* or *safe pledges; not* as in the present case, " put by *sureties* and safe pledges." *Gages* are goods and chattels.  *Pledges* are *sureties,* or persons of responsibility, who become answerable for the defendant's appearance, and may be *amerced.*  The command should be put by gages *or* pledges, not by both, as in this case, by sureties *and* safe pledges.

*Slosson,* also, for the defendants.  The books all agree that an attachment does not lie against a corporation, and that the proceeding is by *summons.*  (3 *Keb.* 350. pl. 8.  6 *Vin. Abr.* 311.  (B. a.) pl. 3.   1 *Bac. Abr.* 507. (*Corp.*)   1 *H. Bl.* 209.  1 *Kyd on Corp.* 272.   1 *Tidd's Pr.* 116.   2 *Crompt. Pr.* 144. 25. 61. a. 77. 94. 96.   2 *Sellon,* 148.)   And the summons is served on the mayor or other head officer of the corporation. In all actions where the demand is certain, as account, covenant, debt, annuity, or detinue, the original writ is called a *precipe;* the defendant being commanded to do the thing required; and unless he did so, and if the plaintiff made the sheriff secure, *si te fecerit securum,* &c. he was commanded to *summons* him, by good summoners, &c., to show cause why he had not done it. And being in the alternative either to do the thing commanded, or show cause to the contrary, it was called an *optional* writ.  (3 *Bl. Com.* 274.)   In *assumpsit, case, trespass, trover, ejectment, deceit, conspiracy,* or actions for wrongs, where the claims were for unliquidated damages, the writ is *peremptory,* and is called a *si te fecerit securum,* &c., or *pone,* by which the sheriff is directed to put the defendant, by gages or safe pledges, to show cause, &c. The writ of *si te fecerit securum,* is an attachment; that is, the sheriff might either take *gage* or certain goods of the defendant, or make him find sureties, or safe pledges, who might be amerced in case of his non-appearance.

In proceedings against *peers,* the form of a *summons* is given by *Crompton;* (2 *Crompt.* 137, 138. ;) and he states the mode of obtaining a *summons* against a corporation, the next process to which is a *distringas.*  (2 *Crompt.* 145.)

# CASES IN THE SUPREME COURT

*Rastall, 497 b.
Benloe, 1 pl. 293.

So, in *Plowden*,* we find the proceedings on a *quare impedit*, in which the bishop of *Lincoln*, and the dean and chapter, were summoned, &c. (*Plowd.* 493.)

In *Fitzherbert's Nat. Brev.*, (92, 93,.) we find forms of writs of trespass on the case, *si te fecerit securum*, &c., both of *pone* and *summons*; and he says, the form may be varied, and directs, in one case, that it be by *summons*, &c., and not by *pone per vadios*, &c. So, in *waste*, (*Id.* 55,,) the process is *si te fecerit*, &c., then *summons*, and in *quod permittat*; (*Id.* 125.) Quo jure, (128.) The writ, in the case of a corporation, therefore, may be so varied, and the sheriff commanded to summon them.

2. The writ ought to have been *tested* on the day on which it issued, and not by relation to the preceding term; original writs being required by the common law, to be *tested* on the day on which the *precipes* are filed. The late "act relative to writs and process,"† declares that " all original writs, heretofore issued out of the court of chancery, returnable in the supreme court, or common pleas, shall hereafter issue out of, and under the seal of the court in which such writs may be returnable; and may be tested in the name of the chief justice, first, or senior judge, of such court, *observing, in other respects, the forms now in use*; and, further, that the supreme court shall have the like power as is now given to the court of chancery, to devise and make writs in cases where there are none to be found." This act merely gives to this court the power of *issuing* original writs, tested in the name of the chief justice; the forms, in all other respects, are to be observed. If we look, therefore, to the practice of the court of chancery, and its officers, to see the mode of making out these writs,‡ it will be found that they are *tested* when the *precipes* are filed with the *cursitor*, or clerk, or when the writs are bespoke.§ No writ can issue without a *fiat*; the *teste* is matter of *record*, and there can be no averment against it.‖ The original must be *true* in all respects; and if antedated, it may be quashed on motion, for irregularity. There is a difference, in this respect, between an original and a *latitat*.** The latter is founded in *fiction*, and understood to be so.††

3. The *teste* of the original is not *form*, and being conformable to the *precipe* filed in court, it cannot be amended, for there is nothing to amend by.‡‡ And the defect may be taken advantage of on motion.§§

†Sess 36. ch 39. passed 17th of February, 1815.

‡ Fleta, lib. 2. ch. 13. s 14, 15.

§ 1 P. Wms. 437.
2 Eq Cas. Abr.
779 s. 2

‖ 2 Str. 749. 759, 760.

** 2 Burr. 961.
Plowd. 491. Bunbury, 161
†‖ Fleta, lib. 2. ch 13 1 Harr Ch. Pr. Introd p. 5. Harg. Law Tracts, 363 1 Com Dig. Abatement. 2 Burr. 960. Cro. Eliz 829. 1 Roll's Abr. 200.
‡‡ 1 Show. 80. 1 Tidd's Pr. 661. 53. 2 Caines'Rep. 63.

Com. Dig. Amend. (Y) 3 Co. 156. 1 Ld. Raym. 564. 1 Salk 49. 700. 1 Str. 137. 3 Atk. 599. 1 Salk. §§ 3 Atk. 595. 1 Show. 80. 2 Stra. 749. 758. 2 Burr. 966.

ALBANY,
January, 1816.

LYNCH
v.
MECHANICS'
BANK.

*Munro* and *P. A. Jay*, contra. Corporations cannot appear, except by warrant of attorney, under seal, and until they do appear, they cannot make a motion. If the writ is erroneous, the defendant should have prayed *oyer* of the writ, and pleaded in abatement, and this must be done within 4 days after appearance; or by bringing a writ of error; but as the court will not now grant *oyer* of original writs, there is no way in which advantage can be taken of a defective original. (1 *Saund.* 318. *a.* n. (3,) and the cases there cited. *Doug.* 227. 7 *East*, 383, 384. 1 *Bos. & Pull.* 646. 1 *Chitty's Pl.* 289.)

Actions are either *ex contractu*, or *ex delicto*; and the writs, which are actions, are formed according to this division. In all actions *ex contractu*, as account, covenant, debt, detinue, annuity, &c., the original is a *precipe*, or *summons*, but in actions *ex delicto*, as trover, detinue, trespass, ejectment, trespass on the case, assumpsit, &c., the proceeding is by *attachment*. (1 *Chitty's Pl.* 280. *Comyn's Dig.* Pl. (C. 12.) 1 *Tidd's Pr.* 36. *Finch's Law*, 254. 303. 305.) *Assumpsit*, being an action on the case, is *ex delicto*, and the original writ, as in all actions for *torts*, is the *pone* or *si te fecerit securum*, &c., [(*Jacob's Law Dict.* by *Tomlins. Voc. Original Writ. Boote's Suit at Law*, 23. 25. 3 *Bl. Com.* 274. 1 *Comyn's Dig.* Action on the case, (C. 1.) Though the original writ is not now set out in the declaration, yet the nature of it is always stated; and the declaration begins with saying the defendant was *attached*, or *summoned*, according as the original was, either a *pone*, or attachment, or a summons. (1 *Chitty's Pl.* 288.) In the books of entries and pleadings, we find various forms of *precipes* for declarations by original, on *promissory notes and bills of exchange*, which commence in the following words: "If E. P. shall make you secure, &c., then put, by sureties and safe pledges, J. B.," &c., precisely in the form and language used in the cases now before the court. (1 *Went. Pl.* 273. 281. 293. 301. 317. 370. *Lily's Entries*, 90. 1 *Modus Intrandi*, 188.)

We say, then, that, in *assumpsit*, by *original*, the process is *pone*, or attachment. This is the general rule; and it lies on the defendants to show the exception. Actions have been brought against corporations, for *trespass vi et armis*, or *quare clausum fregit*. (*Theo. Dig.* 79. Y. B. 23. *Hen.* VI. 8. 2 *Edw.* III. 26.) So, it seems that they may break the peace.

ALBANY,
January, 1816.

LYNCH
v.
MECHANICS'
BANK.

Why may not a corporation be attached, as well as an individual? The law, by constituting them political persons, and authorizing them to make promissory notes, necessarily subjects them to the same consequences, as individuals, for a breach of their contracts. Attachments are either against the person or the *goods.* Though a corporation has no *body,* yet it may be attached by its *goods,* or property. The command of the writ, in this case, is to attach by sureties, or gages and pledges. *Tidd,* who has been cited, says, " where no *capias* lies, as against *peers,* &c., corporations, or *hundredors* on the statutes of hue and cry," &c., the original writ is the first proceeding; or where the defendant absconds, and the plaintiff intends to proceed to outlawry. All the precedents, without exception, of proceedings against *hundredors,* show the process to be attachment. (1 *Lily's Ent.* 295. 2 *Saund.* 374. notes. *Morgan's Vade Mecum,* 469. *Co. Ent.* 348, 349. 351. *Plead. Assist.* 457. 2 *Instruct. Cleri.* 265. *Hearne's Pl.* 214, 215.)

The form of a declaration, given in a *note* by *Sellon,* (2 *Sellon's Pr.* 148.,) cannot be correct. It is against the whole current of authorities and precedents.

In the *Register,* (*Registrum Brevium,* 94.,) is the form of a writ against an abbot and his co-monks, which is a *pone,* or attachment.* So, in a case in 8 *Hen.* VI. 1. pl. 2., against the mayor, bailiff, and commonalty, &c., of *I., Martin,* J. says, the only process is by attachment and distress infinite. It is very remarkable, that, among the immense number of pleas of abatement, this objection, in regard to proceedings against a corporation, has never occurred.

In regard to peers, the writs all say, " having privilege of parliament," he is summoned, &c. This is founded on statute. (16 *Vin. Abr. Parliament,* (C.) 1 *Went. Pl.* 206. 10 *Went. Pl.* 474.) In *Lily,*‡ are precedents which show that peers were *attached.*

As to the *teste* of the writ, it is true, that the general rule in *England* is, that all original writs must be tested on the day they are issued. It is, also, an invariable rule of this court, that all writs issued out of this court must be *tested* in term. If a writ is tested in vacation, or out of *term,* it is void. (20 *Vin. Abr.* 264. *teste,* pl. 9, 10, 11. 13.) The defect, however, if the writ is erroneous, is amendable ; and ought, under the peculiar circumstances of the case, to be amended. (1 *Bos. & Pull.* 342. 1 *Bl. Rep.* 462. 2 *Bl. Rep.* 918. *Cowp.* 407. 841. 7 *Term Rep.* 299. 5 *Johns.*

*See S. C.
Fitz. N. B. 87.

‡ 1 *Lily's Entries,*
21.

*Rep.* 163. 233.) In *Foster* v. *Pollington*, (*Fortesc. Rep.* 186..) though the chancellor and master of the rolls refused to order the writ to be amended, because it was comformable to the *precipe*; yet the C. P. said, that the writ being returned there, the power of the chancellor over it had ceased, and that it was amendable by the writ itself, because it was contradiction and nonsense, and they accordingly amended it, by striking out the objectionable words.

ALBANY,
January. 1816.

LYNCH
v
MECHANICS'
BANK.

*Wells*, in reply. (*T. A. Emmet*, same side.) This is the first day that the defendants were bound to appear in court, and they are in season to object to the process. They need not plead in abatement, but may avail themselves of the objection on *motion.* The cases cited from *Saunders*, *Douglas*, and *East*, were those in which the parties had appeared and pleaded, and so were held to have waived the irregularity. In *Fitzherbert*, *N. B.*, will be found writs of *si te fecerit securum*, &c., in which the proceeding was by *summons*, and others in which it is by *pone* or *attachment.* We contend, that the proper course against a corporation, is by *summons.* The writ said to be found in the *Register*, (*Regist. Brev.* 94.,) was that against an *abbot*, or corporation sole. An *abbot* and monks form a corporation of a peculiar kind, where the abbot and his monks, though they are, as *natural persons*, dead in law; yet, the abbot, as head of the religious house, has a political capacity of suing and being sued *alone.** But let the plaintiffs show, if they can, an instance of a corporation aggregate, consisting of many persons, capable of being sued, who have been sued by *pone* or attachment. *Kyd (on Corp.* 222—225.,) has examined all the cases in the *Year Books*,† in which trespass was brought against a corporation, without any objection being made; and concludes, notwithstanding, that an action of trespass will not lie against a corporation aggregate.‡

In the case in 8 *Hen.* VI. 1., the action was trespass, but it does not appear what the process was. One of the judges, to show the impropriety of joining an individual with a corporation, observes, that in case of amercement, the process would be attachment and distress infinite, and against the individual, process of outlawry, which could not be joined. *Kyd*§ says, explicitly, that a suit against a corporation aggregate, must be by original out of chancery; and if the corporation do not ap-

* 1 *Kyd on Corp.*
*Introduct.* 21, 22.

† 38 *Ed.* III. 1s.
8 *Hen* VI. 1. 9
*H.* VI. 36 20
*Hen.* VI. 9 4
*Hen* VII 13. 45
*Edw* III. 23.
‡ 22 *Ass.* pl 67.
*Bro. Corp.* 43.

§ 1 *Kyd on Corp.*
271, 272.

*1 Tidd, 116
Sellon, 148, 149.
Co. Litt. 66.
Bro. Corp. 43.

pear, the process to compel appearance, must be by *distringas*, against the corporate property, and that an *attachment* will not lie against them, in their corporate capacity. If they have no lands, or goods, there is no way to make them appear either in a court of law or equity. The extraordinary remedy in such case, is by appeal to the house of lords. *Tidd* and *Sellon** both say, that the process to compel a corporation to appear, is by *distringas*.

In 2 *Reeve's Hist. of Engl. Law*, (257. 262.,) are the ancient forms of writs in *debt* and *covenant*, which are, *et si fecerit*, &c., *tunc summone*, &c.

The case of *peers* and *corporations* stand on the same reason; because you cannot proceed against them by *capias*; but must sue out an *original si te fecerit securum*, &c., *summons* and *distringas* thereon. Not a case has been shown of a proceeding against a *peer*, by any other process. In the precedents in *Lily*, it does not appear that the defendants were *peers* of *Great Britain*. They were *Irish* or *Scotch* nobles.

†12 Johns. Rep.
90.

As this court has decided, in *Pierce v. Crofts*,† that a note payable to *bearer* might be given in evidence under the general money count, in an action by the holder, why resort to the expensive mode of proceeding, by original, in these cases?

As to the *teste* of the writ, the late act could not have intended to put suitors in a worse situation than they were in before the act was passed. Now, suppose the cause of action arises in *vacation*, and the original writ is tested in the preceding term, it will appear to have issued before the cause of action arose. Must he, then, to avoid this error, wait until the next term before he takes out a writ; when, before the act, he might have gone to a clerk in chancery, and obtained a writ on any day. This defect in the writ is fatal. It cannot be amended. The cases cited of amendments, are those of *mesne* process, not of original writs. A bad original is not helped by the statute of *jeofails*. (11 *Mod*. 2.) Amendments cannot be made unless there is something to amend by; and here is nothing but the *precipe* on file, and the writ does not vary from the *precipe*. (8 *Co*. 156. *b*. 1 *Salk*. 49. 1 *Ld. Raym*. 564, 565. 7 *Mod*. 250. 1 *Com. Dig*. 449. (D. 1.) 1 *Show*. 80. 3 *Atk*. 595. 598. 2 *Wils*. 117. 3 *Wils*. 342. 9 *Mod*. 308. 10 *Mod*. 270. 2 *Burr*. 966.) No fiction is allowed to help out an original writ. The act must have intended to have made this court, in regard to writs returnable here,

ALBANY,
January, 1816.

LYNCH.
v.
MECHANICS'
BANK.

the *officina brevium*, instead of chancery; and this *officina brevium* must be always open, in vacation as well as term time; otherwise the statute of limitations might run against a demand, in many cases.

*Munro* cited 2 *Sellon's Pr.* 677. 1 *Lily's Ent.* 90. *Legge's Outlawry*, 62. *Johnson's Dict. ad voc. Ainsworth's Dict. ad voc.*, to show that the words *vadios et plegios*, are properly translated by *sureties* and *pledges*.

*Emmet*, contra, cited 3 *Bl. Com.* 280., and *Boote's suit at Law*, 19., that " *gages*" were goods or chattels, and " safe pledges" were *sureties* or *responsible persons*.

*Per Curiam.* The two exceptions taken to the original writ, and upon which the present motion is founded, are, that it should have been in the nature of a summons, and not by *pone* or attachment; and that it should have been tested on the day it was issued, and not on the last day of the preceding term.

With respect to the first exception, it is unnecessary to pursue the very extensive range taken by the counsel on the argument. If this was an action against a private person, there can be no doubt, from the nature of the demand, that the form adopted in this case would be correct. The demand being uncertain; the general rule is, that where the demand is certain, the original writ is in the alternative, and is called a *precipe*, commanding the defendant to do the thing required, or show why he has not done it; and this is the process by summons. Where the demand is uncertain, the writ is called a *si te fecerit securum*, and is peremptory, commanding the sheriff to cause the defendant to appear in court, without any option given him to do the thing required, as in the *precipe;* and this is the process by *pone*, which directs the sheriff to put by *gages* and *safe pledges*, the defendant to show wherefore, &c. No precedent of an original writ against a corporation has been shown. But in all the elementary writers, and in all the books of practice, which treat of the proceedings against corporations, it is laid down as the universal rule, that the process must be by summons, and not by attachment; and such would not have been the language of the books, if the same form, in all cases, was to be pursued in proceedings against corporations as against individuals. The alteration in

the writ is very plain and simple, instead of the words " *then put by gages and safe pledges,*" &c., insert, *then summon by good summoners, &c.* In this respect, therefore, the original writ is defective, and it is not amendable. There is nothing to amend by. It cannot be considered a clerical mistake. The writ is conformable to the precipe. (1 *Salk.* 52.) The test of the writ depends entirely upon the construction to be given to the statute lately passed on that subject. (Sess. 38. ch. 38.) This statute declares, that all original writs which, according to any law, usage, or custom, have hereto issued out of the court of chancery, &c., shall hereafter issue out of, and under the seal of, the court in which such writ may be returnable, and be tested in the name of the chief justice, first, or senior judge, of such court, observing, in other respects, the form now in use ; and giving to this court the like power which the court of chancery had, to make and devise new writs. This statute is rather obscurely worded, and it is a little difficult to say what, precisely, was meant by the expression, " observing, in other respects, the form now in use." There can be no doubt that, according to the established course of proceedings in the court of chancery, with respect to original writs, they must be tested after the cause of action arises, and the day they are actually issued. Although the statute might well warrant the construction, that the original writ was still to have a true test, in the same manner as when it issued out of chancery; yet this is not the obvious and necessary interpretation to be given to the act; and it is much more fit and proper that it should be tested like other process issuing out of this court, and such was, most likely, the intention of the legislature. To assimilate it as nearly as may be to other process, in matters that may be considered in a great measure formal, is less liable to lead to mistakes in the issuing of the writ. And as it is the universal and established rule, with respect to all other process, that it should be tested in term time, we think it the most fit and proper construction to be given to the statute, that it was intended to apply the same rule to the test of original writs. In this respect, therefore, the writ is correct, but must be quashed upon the first exception taken to it.

                                        Motion granted.